UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-344(1) (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE SENTENCE** |
| SIENEMAH TERRANCE GAYE, | |
| Defendant. | |

---

Amber M. Brennan, **UNITED STATE'S ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Jeremy Gordon, **JEREMY GORDON, PLLC**, 1848 Lone Star Road, Suite 106, Mansfield, Texas, 76063 and Daniel L. Gerdts, **DANIEL L GERDTS, LAWYER**, 331 Second Avenue South, suite 705, Minneapolis, MN 55401, for defendant.

Sienemah Terrance Gaye pled guilty to bank fraud, conspiracy to commit bank fraud, and aggravated identity theft and is currently serving a sentence of 144 months. Gaye filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"), alleging that he pled guilty due to inadequate assistance of his counsel. The Court will deny the Petition because it is not supported by the record and because he has not demonstrated that he was materially prejudiced by his counsel's performance.

## BACKGROUND

**I.      FACTUAL BACKGROUND**

On October 21, 2014, Gaye and several co-conspirators were charged with thirty-nine counts of bank fraud, conspiracy to commit bank fraud, and aggravated identity theft. (Indict., Oct. 21, 2014, ECF No. 1.) Gaye initially pled not guilty to all charges. (Min. Entry, Oct. 31, 2014, ECF No. 120.) In May 2015, Attorney John Brink began representing Gaye. (Evid. Hr'g. Tr., at 40, Oct. 25, 2021, ECF No. 1920.)

The Government offered Gaye an agreement which would require him to plead guilty to all charges and to admit causing losses of three million dollars and require Gaye to serve twelve years in prison. (Evid. Hr'g. Tr., at 7.) After consulting with Brink, Gaye refused the offer. (*Id*.) Later, Brink and Gaye discussed a "straight plea" meaning Gaye would plead guilty to all counts in the indictment. (*Id.* at 8.) Gaye's determination was that the indictment alleged that he caused no more than $130,000 of losses. (*Id.* at 10.) He understood that the amount of loss was determinative of the length of his sentence and that a loss of $130,000 would result in a sentence of three to four years. (*Id.* at 10–12.) Gaye claims that Brink advised him that pleading guilty to the facts in the indictment would cabin his financial liability to only the losses attributed to Gaye in the indictment. (*Id*. at 13.) Gaye also claims that Brink never discussed Gaye's prospects of winning or losing at trial. (*Id.* at 23–24.)

Gaye ultimately decided to plead guilty. (*Id*. at 24–26.) At the change of plea hearing Gaye initially requested to speak with his family before entering his plea. (Change

of Plea Hr'g Tr.,7, Feb. 18, 2016, ECF No. 845.) But after consulting with Brink, Gaye decided to go ahead and enter a guilty plea that day. (*Id*.)

At the hearing, Brink reviewed each count of the indictment with Gaye. (*Id.* at 13–24.) Brink asked Gaye if he understood that, as a member of a conspiracy, Gaye was responsible for crimes that the conspirators agreed to commit even if the crime did not occur, for crimes committed by co-conspirators "earlier before [Gaye] joined" the conspiracy, and "for anything that a co-conspirator does during and in the course of the conspiracy in the future if it's reasonably foreseeable." (*Id.* at 14–15.) Gaye responded that he did. (*Id*.) Brink then informed Gaye that he "could get 30 years on Count 1 . . . and then you could catch two years on each of those identity theft counts, so your downside is 34 years. Do you understand that?" (*Id*. at 24.) Gaye responded, "Yes." (*Id*.) Then the prosecutor informed Gaye that the government believed the applicable sentencing guideline range for his conduct was 210 to 262 months, to which Gaye responded that he understood the range. (*Id.* at 37.) After this entire discussion, Gaye pleaded guilty to all counts. (*Id*. at 47–48.) In February 10, 2017, the Court sentenced Gaye to 144 months of imprisonment. (Sentencing J., at 2, Feb. 10, 2017, ECF No. 1303.)

## II. PROCEDURAL HISTORY

Following his sentencing, Gaye petitioned the Court to vacate his sentence arguing that Brink's faulty advice during the change of plea hearing resulted in Gaye entering an unintelligent and involuntary guilty plea. (Mem. In Supp. of Mot. to Vacate, at 9–10, Nov.

26, 2019, ECF No. 1739-1.) The Court held an evidentiary hearing on the petition. (Minute Entry Evid. Hr'g, Oct. 1, 2021, ECF No. 1916.) Following the hearing, the parties submitted their final briefing on the matter. (Br. in Supp. of § 2255 Mot., Nov. 15, 2021, ECF No. 1925; Resp. in Opp. § 2255 Mot., Nov. 22, 2021, ECF No. 1927.)

## DISCUSSION

### I.  STANDARD OF REVIEW

28 U.S.C. § 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### II.  ANALYSIS

Gaye claims he is entitled to postconviction relief because his constitutional right to counsel was violated. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. amend. VI; *Washington v. Moore*, 421 F.3d 660, 661 (8th Cir. 2005). "A defendant claiming ineffective assistance of counsel must

show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Keys v. United States*, 545 F.3d 644, 646 (8th Cir. 2008) (citation omitted). The defendant must overcome a strong presumption that counsel's conduct was not deficient and show that there is a reasonable probability that counsel's unprofessional errors changed the outcome of the proceeding. *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (citation omitted). Moreover, uncredible assertions that counsel erred are subject to summary dismissal. *Blackledge v. Allision*, 431 U.S. 63, 74 (1997).

Gaye argues that his attorney incorrectly advised him that his exposure would be limited to the four corners of the indictment if he pled "straight" to the indictment. The record clearly contradicts this assertion. Gaye consulted with his attorney prior to and during his change of plea hearing. It is evident from the record of the change of plea hearing, that Gaye's attorney advised that liability would not be limited to the facts in the indictment. The attorney specifically asked Gaye if he understood that he could be held responsible for conspiracy crimes that were not directly alleged against him. The record shows that Gaye understood his potential liability and affirmatively represented that he comprehended each portion of the indictment. Gaye's conclusory allegation that his attorney misled him is uncredible in light of the record. Therefore, Gaye's assertions are subject to summary dismissal. *Blackledge*, 431 U.S. at 74.

Even assuming Gaye's allegations to be true, he has not shown that his counsel's performance prejudiced him. A defendant can "show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation omitted). However, "inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence[.]" *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). The record makes clear that prior to pleading guilty, Gaye was informed by his attorney and by the prosecutor that he could be subject to up to thirty-four years in prison. Gaye responded that he understood the length of sentence he could potentially face. Those, "[s]olemn declarations in open court carry a strong presumption of verity" and are a "formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 74. Thus, Gaye understood both his exposure to liability and the potential length of a sentence which could be imposed and decided to plead guilty. Gaye cannot establish that, but for his attorney's advice, he would not have plead guilty and would have gone to trial.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate his sentence [ECF No. 1739] is **DENIED**.

DATED:  January 26, 2022  
at Minneapolis, Minnesota.

                                        JOHN R. TUNHEIM  
                                        Chief Judge  
                              United States District Court