UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-344 (JRT/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| SIENEMAH TERRANCE GAYE, | |
| Defendant. | |

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Minneapolis, MN 55101, for plaintiff.

Sienemah Terrance Gaye, BOP Reg. No. 18252-041, FCI – Correctional Complex-Allenwood, P.O. Box 1000, White Deer, PA 17887, *pro se* defendant.

Defendant Sienemah Terrance Gaye is serving a 144-month sentence after pleading guilty to conspiracy to commit bank fraud, multiple counts of bank fraud, and two counts of aggravated identity theft. The Court previously denied Gaye's first motion for compassionate release after finding he failed to demonstrate that his circumstances justified a reduction in his sentence. Gaye has filed a second Motion for Compassionate Release based on new health problems and an alleged increase of COVID-19 cases in his facility. The Court will deny Gaye's second motion as he has not shown that extraordinary and compelling reasons warrant compassionate release, and because a sentence reduction would be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors.

**BACKGROUND**

In 2015, Gaye pled guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344 and § 1349, twenty counts of bank fraud in violation of § 1344 and § 2, and two counts of aggravated identity theft in violation of § 1028A and § 2. (Sentencing J. at 1, Feb 10, 2017, Docket No. 1303.) The Court sentenced Gaye to a 144-month sentence consisting of a 120-month term of imprisonment for bank fraud and conspiracy to commit bank fraud and a consecutive 24-month term of imprisonment for aggravated identity theft. (Sentencing J. at 2.) Upon release from imprisonment, Gaye must be on supervised release for a term of 5 years for the bank fraud and conspiracy counts, to run concurrently with a 1-year term of supervised release for the aggravated identity theft counts. (*Id.* at 3.) Gaye is currently incarcerated with the Bureau of Prisons ("BOP") at FCI Allenwood Low and has a release date of August 28, 2024.[1]

Gaye filed his first motion for compassion release on March 4, 2022. (1st Mot. Compassionate Release, Mar. 4, 2022, Docket No. 1947.) He argued that COVID-19 exacerbated his mental health conditions and that his physical conditions made him more susceptible to COVID-19 complications. (*Id.* at 6, 11.) Gaye suffers from PTSD, persistent depressive disorder, and generalized anxiety as a result of his experiences as a child during

---

[1] *See Inmate Locator,* Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last accessed Apr. 11, 2023).

-2-

the Liberian Civil War.  (Mem. Op. Order Den. 1st Mot. Compassionate Release ("Order") at 3, Oct. 6, 2022, Docket No. 2004.)  He also suffers from obesity and chronic kidney disease.  (*Id.* at 4.)  Gaye argued that a reduction in sentence was further justified because an IRS agent who testified at his sentencing provided incorrect information in an unrelated case.  (*Id.* at 1.)  The Court denied his motion because Gaye's conditions did not substantially diminish his ability to provide self-care, he did not show a particularized susceptibility to COVID-19, and incorrect testimony in a separate and unrelated case does not justify compassionate release.  (*Id.* at 6–9.)

Less than a month later, Gaye filed another request for compassionate release with the BOP.  (2nd Mot. Compassionate Release, Ex. 1, Dec. 12, 2022, Docket No. 2025-1.)  The BOP did not respond, so Gaye accordingly filed a second motion for compassionate release with the Court on December 12, 2022.  (2nd Mot. Compassionate Release, Dec. 12, 2022, Docket No. 2025.)  He argues a sentence reduction is justified because he has a new H. pylori infection.  Helicobacter pylori (H. pylori) infections occur when H. pylori bacteria infect the stomach, which may cause stomach ulcers.[2]  Gaye was prescribed several medications to treat the infection.  (2nd Mot. Compassionate Release, Exs. 2–5, Dec. 12, 2022, Docket No. 2025-1.)  Gaye also cited some unconfirmed internal bleeding—though medical procedures have been inconclusive—and a recent COVID outbreak in the FCI

---

[2] *Helicobacter pylori (H. pylori) infection*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/h-pylori/symptoms-causes/syc-20356171 (last visited Mar. 27, 2023).

Allenwood Low facility. (2nd Mot. Compassionate Release at 3.) The United States did not respond to Gaye's second motion.

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)). The Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move for compassionate release after fully exhausting all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The Court may modify a defendant's sentence if, after considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Here, Gaye submitted a request for compassionate release to the BOP on November 1, 2022, which the BOP did not act on. He then brought his present motion on December 12, 2022. Thus, more than 30 days have passed since his request. The Court concludes that Gaye has exhausted his administrative remedies and his current motion is ripe for consideration. Nevertheless, Gaye's new health problems and the COVID-19 cases in his facility do not qualify as extraordinary or compelling circumstances warranting a reduction in sentence.

The Sentencing Committee Guidelines indicate that extraordinary and compelling reasons exist if a defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Though Gaye claims changes in his physical health, those medical conditions do not constitute extraordinary and compelling reasons to justify compassionate release because they do not clearly impact his ability to provide self-care. The only new diagnosis Gaye alleges is an H. pylori infection, for which he is being treated with multiple medications. Such an infection cannot be extraordinary and compelling because it can be typically treated in days or weeks[3] and is not one "from which [Gaye] is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Gaye also reports he may be suffering from internal bleeding, as evidenced by an abnormal red blood cell count. But he admits that diagnosis is unconfirmed and that testing was inconclusive. Although Gaye states that these health concerns impact his ability to self-care, he provides no evidence supporting this allegation. Thus, he has not shown that extraordinary and compelling circumstances exist.

---

[3] *See* Leena Myran & Sommer D. Zarbock, *Management of Helicobacter pylori Infection*, 43(4) U.S. Pharm. 27, tbl.3 (2018) (showing the majority of H. pylori infections are eradicated after five to fourteen days of treatment).

Gaye also argues that ongoing COVID-19 outbreaks in his prison constitute extraordinary and compelling circumstances justifying compassionate relief. To merit early release due to COVID-19, an inmate must show both "'a particularized susceptibility to the disease' and 'a particularized risk of contracting the disease at his prison facility.'" *United States v. Brik,* No. 15-78, 2020 WL 3531576, at *5 (D. Minn. June 30, 2020) (citation omitted). As the Court acknowledged in its first order denying Gaye's first motion for compassionate release, Gaye's chronic kidney disease and obesity increase his risk of severe COVID-19 complications. (Order at 7.) But the Court concluded that those were insufficient grounds to justify his early release because he did not show that they created a particularized risk. (*Id.* at 8.) Here again, Gaye has not provided enough evidence to show that he has a particularized risk of COVID-19 in his facility. Allenwood Low FCI, where Gaye is incarcerated, currently reports no staff or inmates as positive for COVID-19.[4] Though approximately twenty-five inmates were COVID-19 positive when Gaye filed his second motion for compassionate release, Gaye is less at risk to contract COVID-19 and develop severe symptoms because he is fully vaccinated. (Order at 3.)

Even if Gaye presented extraordinary and compelling reasons warranting compassionate release, the Court would deny his motion because decreasing his sentence would be inconsistent with the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3582(c)(1)(A)

---

[4]   *See BOP COVID-19 Statistics,* Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Mar. 22, 2023).

(requiring consideration of the § 3553(a) factors). As the Court noted when denying Gaye's first motion for compassionate release, the nature and circumstances of Gaye's offenses were serious and a reduction of his sentence would not protect the public from further crime, promote respect for the law, reflect the seriousness of his crime, or provide a just punishment. (Order at 9–10.) The Court commends Gaye's clean disciplinary record and participation in recidivism reduction programming and encourages him to continue using the resources available to him while incarcerated. These considerations, however, do not outweigh the § 3553(a) factors strongly against sentence reduction. The Court will therefore deny Gaye's motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Sienemah T. Gaye Emergency Pro Se Motion for Compassionate Release Pursuant to 18 USC 3582(c)(1)(A) [Docket No. 2025] is **DENIED**.

DATED: April 11, 2023  
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　　　／s／ John R. Tunheim  
　　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　United States District Judge